UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HANCOCK BANK,

      Plaintiff,

v.                                        Case No. 3:16cv376-MCR-CJK

CHARLES P. YELTON, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiff Hancock Bank's "Objection to Charles P. Yelton's Consumer Notice of Removal" (doc. 6), which the court construed as a motion for remand (doc. 7). After careful consideration, the undersigned recommends that the cases identified in defendant Charles Yelton's "Consumer Notice of Removal" (doc. 1) be remanded to state court because this court lacks subject-matter jurisdiction and removal was not effected within the 30-day time limit set forth in 28 U.S.C. § 1446.

## BACKGROUND

On July 27, 2016, defendant Charles Yelton filed a "Consumer Notice of Removal" which indicated he was removing two Santa Rosa County Circuit Court cases (Case Nos. 2012-CA-001675 and 2014-CA-000287) from state court to federal court. (Doc. 1). He characterized the cases as "debt collection actions" and claimed

removal was proper based on federal question jurisdiction. On August 17, 2016, Hancock Bank ("Hancock") filed an "Objection to Charles P. Yelton's Consumer Notice of Removal" (doc. 6). The Objection describes the underlying state-court actions as follows.

In December 2012, Hancock filed suit against Charles and Deana Yelton to foreclose a mortgage on an investment property owned by the Yeltons and to obtain a judgment against the Yeltons for the amount due under the loan. Final judgment was entered in Hancock's favor in December 2013. (Doc. 6, p. 13-19). After foreclosure of the mortgaged property, the state court entered an order confirming the remaining balance due to Hancock as $89,132.31. (*Id.*, p. 20-22). On May 4, 2016, Hancock filed a Motion for Issuance for Continuing Writ of Garnishment After Judgment against Wal-Mart Stores, Inc., to enforce the judgment. (*Id.*, p. 23-24). The state court granted the motion and the writ was served on Wal-Mart on May 6, 2016. (*Id.*, p. 35-37). Hancock served a copy of the writ on the Yeltons on May 9, 2016. (*Id.*, p. 38-42). On May 27, 2016, the Yeltons each filed claims of exemption to the writ. (Doc. 6-1, p. 1-4). Hancock objected to the Yeltons' claims of exemption and the dispute was scheduled for a hearing on July 28, 2016. (*Id.*, p. 5-29). After Mr. Yelton filed the Notice of Removal on July 27, 2016, the hearing was cancelled.

In March 2014, Hancock filed a second action to foreclose a mortgage on the Yeltons' homestead.  Final judgment was entered in favor of Hancock on May 15, 2015.  (Doc. 6-1, p. 30-36).  After the foreclosure sale, Hancock filed a motion on June 2, 2016, to confirm the remaining balance due under the judgment.  (Doc. 6-2, p. 4-7).  Hancock served the Yeltons with discovery requests related to the motion.  (*Id.*, p. 15-36).  On July 19, 2016, Hancock filed a motion for summary judgment to confirm the remaining balance due under the May 15, 2015 judgment.  (Doc. 6-4, p. 2).

In the current "Objection to Charles P. Yelton's Consumer Notice of Removal, " Hancock argues "Yelton's request for removal is legally insufficient for four (4) independent reasons: (1) he failed to seek removal within the required thirty (30) day time frame in either state-court action as required by 28 USC 1446(b); (2) he failed to allege adequate grounds for removal of either state-court action as required by 28 USC 1446(a); (3) he failed to file the state-court pleadings and trial record from either state-court action as required by 28 USC 1446(a) and Local Rule 7.2(A); and (4) he failed to file a supporting memorandum within the fourteen (14) day deadline set forth in Local Rule 7.2(B)."  The undersigned construed the "Objection" as a motion for remand and directed Yelton to respond within 14 days.  (Doc. 7).

Rather than file a substantive response to the motion, Yelton filed a "Demand to Strike Debt Collectors (Plaintiffs) Objection to Charles P. Yelton's Consumer Notice of Removal."  (Doc. 8).  The "Demand" requests that the court strike Hancock's objection to the removal because "Mr. Matthew Hoffman is not licensed to practice law in a Federal District Court."

## DISCUSSION

Hancock first asserts Yelton failed to remove the cases from state to federal court within the 30-day time frame required by 28 U.S.C. § 1446(b).  Section 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).

With respect to the 2012 foreclosure action, Yelton failed to remove the case within 30 days of receiving notice of the writ of garnishment, which occurred on May 16, 2016.  Likewise, Yelton failed to remove the 2014 foreclosure action within 30 days of receiving the June 2, 2016 motion to confirm the remaining balance under

the May 2015 Hancock judgment.[1]   Because the removal failed to comply with 28 U.S.C. § 1446(b), the action should be remanded to state court.  *See Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999) ("The failure to comply with [§ 1446's] express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand pursuant to § 1447(c).").

Hancock next argues that Yelton failed to allege adequate grounds for removal as required by 28 U.S.C. § 1446(a).  "To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'"  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551, 190 L. Ed. 2d 495 (2014) (*quoting* 28 U.S.C. § 1446(a)).  Yelton attempts to invoke the court's federal question jurisdiction, claiming the two mortgage foreclosure actions implicate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and "interstate commerce."  Yelton, however, has not established either of the state-court cases presents a federal question.  *See Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("A removing defendant bears the burden of proving proper federal jurisdiction."); *see also Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns*, 182 F.3d 851, 854 (11th Cir. 1999) ("A case . . . may be removed based on federal question jurisdiction 'only

---

[1] According to Hancock, the filing of the motion to confirm the remaining balance "re-opened" the 2014 foreclosure action.  (Doc. 6, p. 6).

when the plaintiff's statement of his own cause of action shows that it is based' on federal law.") (*qutoting Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152, 29 S. Ct. 42, 53 L. Ed. 126 (1908)).  Because Yelton has failed to establish the court has subject-matter jurisdiction over the removed cases, remand is required.[2]

Accordingly, it is respectfully RECOMMENDED:

1.     That Hancock's "Objection to Charles P. Yelton's Consumer Notice of Removal" (doc. 6) be GRANTED, and Santa Rosa County Circuit Court Case Nos. 2012-CA-001675 and 2014-CA-000287 be REMANDED to the state court from which they were removed.

2.     That the clerk be directed to close the file.

At Pensacola, Florida, this 30th day of September, 2016.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Because Hancock's first two arguments for remand are dispositive of the issue, the remaining arguments will not be addressed.

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.   A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.